ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO.    1:16CR203 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| DARRYL E. FARMER, | ) | |
| | ) | SENTENCING  MEMORANDUM |
| Defendant. | ) | AND ORDER |
| | ) | |

Pending before the Court is a motion filed by Defendant Darryl Farmer requesting clarification of the scope of the detention hearing scheduled for December 21, 2016.  Farmer's motion is also styled as a "Notice of Prejudicial Impact."  The motion is DENIED.

On December 5, 2016, this Court had a bond violation hearing scheduled.  Defendant Farmer was unable to attend allegedly due to medical reasons.  The Court revoked Farmer's bond at that hearing and ordered Farmer to self-report to the U.S. Marshal's office within this District. Following that self-surrender, the Court noticed a bond hearing for December 15, 2016 at 2:30 p.m.  At 12:45 p.m. on the day of that hearing, Farmer filed the pending motion and notice. Accordingly, the Court rescheduled the bond hearing for December 21, 2016 to allow the

Government to address the issues raised by Farmer. The Government has now responded, and the Court herein resolves the issues contained in the motion.

Within his motion to clarify the scope of the upcoming hearing, Farmer contends that this Court committed prejudicial error when it reviewed the First Disclosure of the Presentence Report in this matter. Initially, the Court would note that Farmer has not presented any authority to suggest that it was improper for the Court to review the First Disclosure. Farmer, however, contends that Fed. R. Crim. P. 32 and Local Crim. R. 32.2 support his contention that the Court's review was erroneous. Neither rule supports such a contention.

Fed. R.Crim. P. 32(e) provides as follows: "Unless the defendant has consented in writing, the probation officer must not submit a presentence report to the court or disclose its contents to anyone until the defendant has pleaded guilty or nolo contendere, or has been found guilty." In the instant matter, Farmer pleaded guilty on October 3, 2016. The First Disclosure of the Presentence Report was not prepared until November 30, 2016. Accordingly, there can be no viable argument that Rule 32(e) was violated. By its plain language, Rule 32(e) only prevents disclosure of a presentence report prior to a guilty plea or finding of guilt. Herein, the First Disclosure was made nearly 60 days after Farmer pleaded guilty.

Farmer next contends that Local Crim. R. 32.2 supports his claim of error. Local Crim. R. 32.2 provides in relevant part: "(1) Not less than six (6) weeks prior to the date set for sentencing, the Probation Officer shall disclose the Presentence Report to the defendant, counsel for the defendant, and the United States Attorney (the parties)." It appears that based upon this provision, Farmer contends that the Court is not entitled to review the First Disclosure. In reaching this conclusion, Farmer wholly ignores that in the preparation of presentence reports, a

"federal probation officer acts as an arm of the court and that that task is an integral part of one of the most critical phases of the judicial process." *Dorman v. Higgins*, 821 F.2d 133, 137 (2d Cir. 1987).

> [T]he probation officer serves as "an investigative and supervisory 'arm of the court[.]'" *Burnette*, 980 F.Supp. at 1433 (quoting *United States v. Johnson*, 935 F.2d 47, 49 (4th Cir.1991), *cert. denied*, 502 U.S. 991, 112 S.Ct. 609, 116 L.Ed.2d 632 (1991)). The probation officer is appointed and may be removed by the district court, see 18 U.S.C. § 3602(a), and, in addition to fulfilling the enumerated requirements imposed by Congress in 18 U.S.C. § 3603, performs "any other duty that the court may designate," 18 U.S.C. § 3603(10), subject, of course, to constitutional restraints. Because of the "close working relationship between the probation officer and the sentencing court," the probation officer may communicate ex parte with the district court, *see United States v. Stanphill*, 146 F.3d 1221, 1223-24 n. 1 (10th Cir.1998)[.]

*United States v. Davis*, 151 F.3d 1304, 1306 (10th Cir. 1998).   Furthermore,

> When the probation officer is conducting a presentence interview of a convicted defendant, however, he or she is "acting at the direction of the magistrate" or judge, *United States v. Gonzalez-Mares*, 752 F.2d 1485, 1493 (9th Cir.1985), and is acting "'as a neutral information gatherer for the judge,'" *United States v. Leonti*, 326 F.3d 1111, 1119 (9th Cir.2003) (quoting *United States v. Gordon*, 4 F.3d 1567, 1571-72 (10th Cir.1993)). *See also Williams v. Chrans*, 945 F.2d 926, 951 (7th Cir.1991) ("neutral information gatherer for the court"); *United States v. Johnson*, 935 F.2d 47, 49-50 (4th Cir.1991) ("Throughout the process of interviewing a defendant [and] preparing a presentence report, ... a probation officer continues to be a neutral, information-gathering agent of the court...."); *United States v. Rogers*, 921 F.2d 975, 979 (10th Cir.1990) (holding that, while conducting a presentence interview, the probation officer is acting as an "essentially neutral ... agent of the court"); *United States v. Colon*, 905 F.2d 580, 588 (2d Cir.1990) ( "neutral information gatherer for the sentencing judge" (alteration and internal quotation marks omitted)); *Brown v. Butler*, 811 F.2d 938, 941 (5th Cir.1987) ("an arm of the court").

*United States v. Horvath*, 492 F.3d 1075, 1078–79 (9th Cir. 2007).

Based upon the above authorities, there can be no debate that the pretrial and probation office acts as a neutral arm of the Court when preparing the presentence report.   Moreover, there

can be no debate that as a neutral arm of the Court, the pretrial and probation department is free to engage in ex parte communication with the sentencing judge.  In the face of those two incontrovertible legal facts, Farmer's argument must fail.  Nothing in this District's local rules restricts the pretrial and probation office from providing the Court with the First Disclosure of the Presentence Report.  Furthermore, as precedent permits ex parte communication with the Court, the disclosure is entirely appropriate.

Farmer's argument also fails because he cannot demonstrate prejudice in any manner from the Court's review of the First Disclosure.  First, as previously placed on the record, Farmer's bond was revoked when he violated the conditions of that bond.  Regardless of any review of the First Disclosure, Farmer's bond would have been revoked.

Second, Farmer's contention that he will suffer future prejudice by virtue of this Court's review of the First Disclosure is similarly unfounded.  As noted above, the pretrial and probation office acts as a *neutral* party in preparing the presentence report.  As such, the presentence report does not advocate on behalf of either the Government or the Defendant.  Farmer, therefore, cannot articulate any prejudice that flows from review of the First Disclosure.

Instead, Farmer appears to contend that this Court is somehow tainted by its review of information that Farmer has not yet had the opportunity to challenge.  In that respect, Farmer is in no different position than any offender that has been the subject of a bond violation report or a supervised release violation report.  In all those circumstances, the Court has reviewed information provided by the pretrial and probation office and acted prior to any response from a defendant.  However, in no circumstance has that fact ever hindered the Court in offering a full ad fair opportunity to litigate the issues at a formal hearing.  Farmer enjoys the same right in this

4

matter. If Farmer believes that there are errors in the First Disclosure, he has multiple opportunities to have those errors corrected. He may first object and request changes from the pretrial and probation officer. If unsuccessful, he may provide those same objections to the undersigned. In resolving those objections, the undersigned owes no deference to the presentence report, nor does review of that report or its first disclosure impact the resolution of objections in any manner.

Additionally, Farmer contends that review of the First Disclosure is prohibited to "protect the Court from reliance on inadmissible hearsay evidence, or other potentially objectionable or irrelevant information." Doc. 43 at 6. However, "hearsay evidence is admissible in sentencing proceedings, because the Federal Rules of Evidence do not apply." *United States v. Bates*, 315 F. App'x 591, 594 (6th Cir. 2009). For that matter,

> In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.

U.S.S.G. § 6A1.3(a). As such, concerns over the Court reviewing hearsay or other objectionable material do not support a contention that review of the First Disclosure is prejudicial in some manner.

In reality, the First Disclosure process is put into place to lessen the burden on a district judge. Disputes regarding the applicability of the advisory guidelines and regarding historical facts can often be resolved with the use of the District Judge's time and resources. If Farmer were correct, when those objections were unable to be resolved by the pretrial and probation officer, review of any material by the district judge that the defendant believes is objectionable would

5

create an insurmountable hurdle. In Farmer's view, review of that material would render a district judge unable to fairly impose sentence. As such a view runs contrary to all existing precedents, the Court declines to adopt such a view herein.

In closing, the Court would note that contrary to Farmer's view, this matter has not been treated differently than any other matter on the Court's criminal docket. In every criminal case, the First Disclosure is filed under seal on the Court's docket. In every such case, the sentencing judge has access to all sealed filings. Accordingly, the sentencing judge in every criminal case pending before him or her has access to the First Disclosure of all of his or her defendants. Moreover, research reveals that these First Disclosures have been reviewed by others on this bench. *See, e.g., United States v. Hasan*, 2016 WL 3854460, at *1 (July 15, 2016) (relying in part upon information in the First Disclosure to deny a motion to withdraw a guilty plea).

Accordingly, Farmer's notice of prejudicial impact has no merit. As detailed above, no prejudice flows from the Court's review of the First Disclosure as Farmer will have ample opportunity to defend the bond violation at the upcoming hearing. Moreover, he will have ample opportunity during the sentencing hearing in this matter to object to any information in the First Disclosure or the Final Presentence Report. In that respect:

> If the defendant alleges that the report is factually inaccurate in any respect, the sentencing court may not take the controverted part of the report into account in imposing sentence unless it has found that the government has established by a preponderance of the evidence, *see United States v. Lee*, 818 F.2d 1052, (2d Cir.1987), that the controverted statements are accurate. See Fed.R.Crim.P. 32(c)(3)(D). The court's finding, in writing, is then attached to the report. *Id.* Further, any determination by the sentencing court as to the accuracy of a controverted part of the presentencing report is subject to review on appeal to the circuit court. Thus, in sentencing, the presentence report prepared by the probation officer is subject to adversary scrutiny and at least two layers of judicial review.

6

*Dorman v. Higgins*, 821 F.2d 133, 138 (2d Cir. 1987).   As such, Farmer cannot demonstrate any error in the Court's review of the First Disclosure, let alone establish any prejudice flowing from that review.[1]

Similarly, the motion to clarify is DENIED.   The hearing has clearly been noticed as an opportunity for Farmer to contest his bond violation.   No further clarification is necessary.

December 21, 2016  /s/ John R. Adams
Date  JOHN R. ADAMS
 UNITED STATES DISTRICT JUDGE

---

1 Another District Court has similarly rejected an argument that ex parte review of a pretrial and probation report causes an appearance of partiality:

In the situation at hand, defense counsel claims that an ex parte review of reports provided by a probation officer to all parties before a revocation hearing causes an appearance of partiality. However, it is the responsibility of the Probation Office pursuant to 18 U.S.C. § 3603(2), to keep the Court informed regarding compliance with the Court's conditions. In several cases, the Ninth Circuit has shown a desire to protect the relationship between a parole officer and the court, even as early as the sentencing stage. *See United States v. Gonzales*, 765 F.2d 1393 (9th Cir.1985); *United States v. Baldrich*, 471 F.3d 1110 (9th Cir.2006); *United States v. Whitlock*, 639 F.3d 935 (9th Cir.2011). In *Gonzales*, the defendant asserted that he was entitled to a full evidentiary hearing on the sentencing decision because of ex parte communications between the judge and the probation officer. *Gonzales*, 765 F.2d at 1398. However, the court held that ex parte communications between the judge and the probation officer are allowed because the probation officer is acting as an arm of the court. *Id.* Furthermore, as the court elaborated, "[i]f we accepted Gonzales' argument, we would effectively open the entire sentencing process to discovery and adversarial evidentiary hearings ." *Id.* at 1399

*United States v. Nava*, No. 2:13-CR-00159-GMN, 2013 WL 5940127, at *2 (D. Nev. Nov. 4, 2013) (rejecting an argument that ex parte communications between the Court and a probation officer caused appearance of partiality).